UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FUNKO, LLC, a Washington limited
liability company,

               Plaintiff,

    v.

NICKHIL MANCHANDA, an individual;
and JOHN/JANE DOES 1-6,

               Defendants.

No. 2:21-cv-00506

COMPLAINT WITH JURY DEMAND

Plaintiff Funko, LLC ("Plaintiff" or "Funko"), by and through its undersigned attorneys, for its Complaint against Defendants Nickhil Manchanda and John/Jane Does 1-6 ("Defendants") hereby alleges and avers as follows:

**INTRODUCTION**

1.    Funko, one of the leading creators and innovators of licensed pop culture products, brings this action against Defendants to protect its valuable trade secrets. Defendants stole Funko's trade secrets by taking pictures of unannounced and unreleased Funko POP!-branded figurines, taking screenshots of draft designs for unannounced and unreleased Funko POP!-branded figurines, and capturing screenshots of spreadsheets used by retailers for ordering purposes which list upcoming Funko products, including unannounced and unreleased Funko POP!-branded figurines. Defendants posted this information on the Internet, revealing previously unknown Funko POP!-branded figurines causing irreparable damage to Funko.

COMPLAINT WITH JURY DEMAND –1

152169228.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2.    Trade secrets are a form of intellectual property that provide legal protection for commercially valuable business and technical information that: (a) has been the subject of reasonable efforts to maintain its secrecy, and (b) derives independent economic value from not being generally known or readily ascertainable.

3.    Funko owns valuable trade secrets in its unreleased Funko POP! figurines and spreadsheets identifying upcoming products.  Before Funko announces a new product, it keeps that product secret.

4.    There is value in this secrecy.  To maximize consumer interest and excitement in new products, Funko and its licensors carefully time product announcements.  When individuals disclose these details without Funko's or its licensors' consent (commonly called "leaks" or "spoilers") they threaten this value and undermine the carefully cultivated excitement and interest that Funko and its licensors have worked so hard to generate.  It also spoils the surprise for hundreds of thousands of fans of Funko and its licensors who are eagerly anticipating the arrival of new Funko licensed products.

5.    This secrecy is also valuable to Funko's licensors.  These licensors carefully manage information about their upcoming content and entrust Funko with safeguarding this information while Funko creates products based on this upcoming content.  When individuals like Defendants leak information about Funko's licensors' unreleased content, it causes substantial harm to the licensors and Funko's relationship with its licensors.

6.    Mr. Manchanda is also making unauthorized use of Funko's intellectual property by incorporating Funko's FUNKO and POP! registered trademarks into his social media profiles, suggesting he is sponsored by, affiliated with, or associated with Funko when no such sponsorship, affiliation, or association exists.  Mr. Manchanda's use of the FUNKO and POP! marks wrongfully suggests that his actions are somehow sanctioned by Funko, when in fact they are not.

COMPLAINT WITH JURY DEMAND – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

152169228.1

## PARTIES

7.     Funko is a Washington limited liability corporation with its principal place of business in Everett, Washington.

8.     On information and belief, Nikhil Manchanda AKA Dis.Funko AKA dis.pops is an individual residing in San Jose, California.

9.     On information and belief, Defendants John/Jane Does 1-6 are individuals residing in the United States.  Funko will amend this Complaint once it learns the identity of John/Jane Does 1-6.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of Plaintiff's federal claim under 28 U.S.C. §§ 1331, 1338 and 18 U.S.C. § 1836(c) because the claims arise under the Defend Trade Secrets Act, 18 U.S.C. § 1832, *et seq.* and the Lanham Act, 15 U.S.C. § 1125.  This Court has supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367(a).

11.     Personal jurisdiction over Defendants is proper in this Court.  As more fully set forth below, Defendants misappropriated Funko's valuable trade secrets and exposed those trade secrets on the Internet, undermining their inherent economic value.  Additionally, Mr. Manchanda intentionally infringed Funko's intellectual property rights knowing that Funko is headquartered in Washington.  Defendants directed their actions to Washington.  Defendants knew or should have known that the impact of their intentional acts would cause harm here.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS AND BACKGROUND

### A.     Funko and Its Business

13.     Founded in 1998, Funko is a leading pop culture consumer products company. Funko designs, sources, and distributes licensed pop culture products across a diverse range of categories, including vinyl figurines, action toys, plush, apparel, housewares, and accessories for

COMPLAINT WITH JURY DEMAND – 3

152169228.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

consumers who seek tangible ways to take their fandom offline. Funko is well known for its collectible figurines, including its iconic POP!-branded goods.

14. Funko is consistently recognized as a leader in the market, receiving honors for its innovative and high-quality licensed products. For example, Funko was named 2018 Toy Line of the Year by Diamond Comic Distributors, marking the fifth consecutive year Funko won the award.

15. Licensing is central to Funko's business. Funko infuses its distinct design and aesthetic sensibility into one of the industry's largest portfolios of licensed content over a wide variety of product categories. Funko invests significant time and resources to obtain licenses to create new and exciting licensed products for consumers to enjoy.

16. Funko has strong licensing relationships with many established content providers, such as Disney, HBO, LucasFilm, Marvel, and Warner Bros. By 2020, Funko had license agreements with over 250 content providers covering over 850 active licensed properties. Content providers trust Funko to create unique extensions of their intellectual property that extend the relevance of their content with consumers through ongoing engagement, helping to maximize the lifetime value of their content.

17. To build excitement and maximize interest, Funko is deliberate about when it broadcasts to the world new licenses and products. The timing and method of the announcements is carefully planned, and often dictated by Funko's licensors.

18. Until new licenses and products are announced, Funko keeps this information a secret at the request of its licensors, but also so that Funko can surprise and delight its fans.

**B.     The FUNKO and POP! Trademarks**

19. Since its founding, Funko has used the FUNKO mark in commerce in association with collectible figurines.

20. Since no later than July 2010, Funko has used the POP! mark in commerce in association with collectible figurines.

COMPLAINT WITH JURY DEMAND – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

21.     Since their first use, Funko has invested substantial resources in marketing, advertising, and distributing its collectibles and related products under the FUNKO and POP! marks.

22.     Funko has attained substantial goodwill and strong recognition in the FUNKO and POP! marks, and they have come to be exclusively associated with Funko.

23.     Through its use and promotion of the FUNKO and POP! marks, Funko has established strong rights in those marks, and the marks are entitled to protection.

24.     Funko owns numerous federal trademark registrations for the marks, including but not limited to United States Patent and Trademark Office ("USPTO") Registration Nos. 3,123,203, 5,449,006 and 5,323,229 for FUNKO (word and design marks) and USPTO Registration Nos. 4,881,647, 4,746,429, and 5,449,007 for POP! (word and design marks) (collectively the "Funko Marks") (see table below).  True and correct copies of these registrations are attached hereto as Exhibits A-F.

| Registration No. | Mark | I.C.#: Goods and Services |
|---|---|---|
| 3,123,203 | FUNKO | I.C. 28: Dolls and toy figurines |
| 5,449,006 | FUNKO | I.C. 35: Retail and online retail store services featuring toys, dolls and toy figurines, collectable toys and toy figures, action figures, plush toys, playsets, toy accessories and related merchandise, clothing, headwear, beverageware, cooking utensils, namely, cooking and serving forks and spoons, salt and pepper shakers, mugs, water bottles sold empty, candy tins, plates, pens, decorative pencil-top ornaments, collectable pins, buttons, ornamental cloth |

COMPLAINT WITH JURY DEMAND – 5

152169228.1

| Registration No. | Mark | I.C.#: Goods and Services |
|---|---|---|
| | | patches, ornamental novelty pins, lanyards, and keychains. |
| 5,323,229 | Funko | I.C. 28: Collectable toy figures |
| 4,881,647 | POP! | I.C. 28: Collectable toy figures. |
| 4,746,429 | POP! | I.C. 28: Dolls and toy figurines. |
| 5,449,007 | POP! | I.C. 35: Retail and online retail store services featuring toys, dolls and toy figurines, collectable toys and toy figures, action figures, plush toys, playsets, toy accessories and related merchandise, clothing, headwear, beverageware, salt and pepper shakers, mugs, water bottles sold empty, pens, decorative pencil-top ornaments, collectable pins, buttons, ornamental cloth patches, ornamental novelty pins, lanyards, and keychains. |

## C.    Funko's Unannounced and Unreleased Products Are Trade Secrets

25.    Unannounced and unreleased products are trade secrets that Funko works diligently to keep secret until their announcement and release.  These trade secrets include the identity of the licensor, the licensed properties, the product as well as packaging design, the names of the products, and/or the timing of product releases.

26.    Prior to their announcement and/or release, information about Funko's products are treated with utmost secrecy.  For example, Funko performs background checks on employees,

COMPLAINT WITH JURY DEMAND – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

152169228.1

stores product designs and schematics on secure computers, restricts access to product and packaging samples to a limited number of individuals, stores unannounced and unreleased products in a secure building with restricted access, keeps track of the individuals accessing the products, and requires all employees to sign nondisclosure agreements.  Access to Funko's offices is restricted by key card.

27.     Additionally, all distributors and retailers who handle unannounced and unreleased products must sign non-disclosure agreements.

28.     Funko derives significant economic value from maintaining the secrecy of the details concerning its unannounced and/or unreleased licensed products.  Funko's and its licensors' carefully planned and timed announcement and release strategies generate significant interest from fans of both Funko and its licensors, resulting in a substantial number of consumers talking about and purchasing the Funko products.

**D.     Defendants Stole Funko's Trade Secrets and Leaked Them on the Internet**

29.     On information and belief, John/Jane Does 1-6 surreptitiously captured images of certain unannounced and/or unreleased Funko products.

30.     On information and belief, John/Jane Does 1-3 then shared these images with Fernando Ayala, an administrator of a Facebook group for Funko enthusiasts with nearly 3,000 members.  Mr. Manchanda is a member of this Facebook group.

31.     Mr. Ayala then shared the images captured by John/Jane Does 1-3 on his Facebook group.

32.     In addition, Mr. Ayala shared screenshots of spreadsheets sent to retailers for the purpose of ordering upcoming products containing the names of dozens of unannounced Funko POP! products.

33.     Mr. Ayala also shared images of draft designs for numerous unannounced and unreleased Funko POP!-branded products, even sharing one image that incorporated Funko's stylized POP! mark.

COMPLAINT WITH JURY DEMAND – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

152169228.1

34. On information and belief, Mr. Manchanda operates several social media accounts under variations of the usernames Dis.Funko, which incorporates Funko's FUNKO mark, and dis.pops, which incorporates Funko's POP! mark.

35. On information and belief, Mr. Manchanda also operates a Link In Profile page that contains links to websites where users can purchase Funko products. Mr. Manchanda's Dis.Funko and dis.pops social media pages contain links to his Link In Profile page. Mr. Manchanda prominently displays both "Dis Funko" and "@dis.pops" at the top of his Link In Profile page.

36. Funko has not authorized Mr. Manchanda's use of the Funko Marks in his social media usernames or Link In Profile page.

37. On information and belief, Mr. Manchanda is generating revenue through his Dis.Funko and dis.pops social media accounts and Link In Profile page through affiliate links.

38. On information and belief, Mr. Manchanda uses his social media profiles to aggregate information regarding Funko products, regardless of whether that information comes from official sources or is surreptitiously leaked without Funko's authorization. Mr. Manchanda's social media accounts have a total of over 200,000 followers.

39. On information and belief, Mr. Manchanda acquired the images leaked by Mr. Ayala through the Facebook group where Mr. Ayala posted the images of Funko's unannounced and/or unreleased products.

40. On information and belief, Mr. Manchanda acquired additional leaked images of Funko products prior to their announcement and/or release either himself or from other sources, including John/Jane Does 4-6.

41. Mr. Manchanda then shared these images on his social media accounts, including Twitter, Facebook, and Instagram.

42. On information and belief, Defendants knew that these Funko products were unannounced and/or unreleased.

COMPLAINT WITH JURY DEMAND – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

152169228.1

43. For example, Mr. Manchanda's posts referred to the images as a "first look," or that "more info is coming soon," indicating that he knew that the product had not yet been announced or released.

44. On information and belief, Defendants knew these images were of unannounced and/or unreleased products and that the images were acquired surreptitiously via improper means due to the appearance of the products in the images.

45. For example, several images that Mr. Manchanda shared lacked the signature Funko POP!-branded packaging, were taken on cell phone cameras, appear to have been cropped or otherwise resized, were poorly lit, and appear to have been taken somewhere other than a professional photography studio. One image appears to have been taken while being held by the person taking a picture on their camera phone in what appears to be a warehouse with a ladder and another individual's shoe in the background. The unprofessional appearance of the images indicates that these were not official Funko announcements or releases.

46. On February 7, 2021, Funko sent a cease and desist letter to Mr. Manchanda, informing him that the images of unreleased Funko products that Mr. Manchanda shared on his social media profiles are Funko's trade secrets, and his disclosure of these images was in violation of state and federal law. Funko demanded that Mr. Manchanda cease and forever desist from posting information about Funko and its products that is not yet publicly available on Mr. Manchanda's social media profiles.

47. In response, Mr. Manchanda stated that he would not post leaks going forward.

48. Despite this promise, Mr. Manchanda again disclosed images of unannounced and unreleased Funko products.

49. On March 5, 2021, Funko sent another cease and desist letter informing Mr. Manchanda that he was disclosing Funko's trade secrets in violation of state and federal law and demanding that Mr. Manchanda cease and forever desist from posting information about Funko and its products that is not yet publicly available on Mr. Manchanda's social media profiles.

COMPLAINT WITH JURY DEMAND – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

152169228.1

50. But Mr. Manchanda's unlawful conduct continued, and Funko sent an additional cease and desist letter to Mr. Manchanda on March 23, 2021.

51. Defendants disclosed images of multiple unannounced and/or unreleased Funko products by using improper means to acquire these images, and/or at the time of the disclosure, knew or had reason to know that the images were acquired by a person through improper means. This information had previously never been revealed to the public.

52. Defendants' trade secret theft and subsequent leaks harmed Funko by disrupting its ability to market the leaked products, reducing the fan interest and engagement Funko and its licensors generate by keeping these products secret, and in some instances revealing details about Funko's licensors' content that the licensors themselves had not yet released.

53. Defendants' misappropriation of Funko's trade secrets also harmed Funko's relationship with its licensors, damaging trust and goodwill that Funko has worked hard to earn over many years.

### FIRST CAUSE OF ACTION
### Against All Defendants
### (Violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, *et seq.*)

54. Funko repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

55. Funko owned and/or possessed certain trade secret information relating to unannounced and/or unreleased licensed products, including non-public information regarding the identity of the licensor, the licensed properties, the product as well as packaging design, the names of the products, and/or the timing of product releases.

56. Funko's trade secret information relates to products and services that are used, sold, shipped and/or ordered in, or that are intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce.

57. Funko took reasonable steps to protect the secrecy of its confidential and trade secret information, including the secrecy of the information Defendants misappropriated. For

COMPLAINT WITH JURY DEMAND – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

152169228.1

example, Funko performs background checks on employees, stores product designs and specifications on secure computers, restricts access to these files and product and packaging samples to a limited number of individuals, stores unannounced and unreleased products in a separate, secure building with access restricted by key card, keeps track of the individuals accessing the products, and requires all employees to sign nondisclosure agreements. Additionally, access to Funko's offices is restricted by key card.

58.    Additionally, all distributors and retailers who handle unannounced and unreleased products must sign non-disclosure agreements.

59.    Funko's confidential and trade secret information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

60.    Defendants misappropriated Funko's confidential and trade secret information by, *inter alia*, acquiring it, using it, and disclosing it to third parties without Funko's consent. This includes taking surreptitious pictures of the Funko products and working with others to disseminate that confidential information over the Internet to a wide audience of would-be customers.

61.    Defendants' conduct caused irreparable injury to Funko.

62.    Defendants' misappropriation of Funko's confidential and trade secret information has also caused Funko substantial injury, including, *inter alia*, actual damages, lost profits, harm to reputation, competitive harm, and diminution in value of its trade secrets. Defendants' misappropriation was also willful and malicious.

63.    As a result of the foregoing, Funko has been damaged and is entitled to damages in an amount to be proven at trial, as well as injunctive relief and an award of exemplary damages and attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(C)-(D).

COMPLAINT WITH JURY DEMAND – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

152169228.1

**SECOND CAUSE OF ACTION**
**Against All Defendants**
**(Violation of the Washington Uniform Trade Secrets Act, RCW 19.108.010 *et seq*.)**

64.     Funko repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

65.     Funko owned and/or possessed certain confidential and trade secret information relating to Funko's unannounced and/or unreleased licensed products, including non-public information regarding the identity of the licensor, the licensed properties, the product as well as packaging design, the names of the products, and/or the timing of product releases.

66.     Funko's confidential and trade secret information derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who could obtain economic value from its disclosure or use.

67.     Funko took reasonable steps to protect the secrecy of its confidential and trade secret information, including the secrecy of the information Defendants misappropriated.  For example, Funko performs background checks on employees, stores product designs and specifications on secure computers, restricts access to these files and product and packaging samples to a limited number of individuals, stores unannounced and unreleased products in a separate, secure building with access restricted by key card, keeps track of the individuals accessing the products, and requires all employees to sign nondisclosure agreements. Additionally, access to Funko's offices is restricted by key card.

68.     Additionally, all distributors and retailers who handle unannounced and unreleased products must sign non-disclosure agreements.

69.     Defendants misappropriated Funko's confidential and trade secret material by acquiring Funko's trade secrets through improper means, including by improperly gaining access to unannounced and/or unreleased products and photographing them without Funko's consent. Defendants worked with each other and others to disclose Funko's trade secrets without Funko's express or implied authorization by posting images of the Funko products on the Internet.  At the

COMPLAINT WITH JURY DEMAND – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

152169228.1

time of this disclosure, Defendants knew or had reason to know that the unannounced and/or unreleased Funko product images were trade secrets.

70.     Defendants' conduct has caused irreparable injury to Funko.

71.     Defendants' misappropriation of Funko's confidential and trade secret information has also caused Funko substantial injury, including, *inter alia*, actual damages, lost profits, harm to reputation, competitive harm, and diminution in value of its trade secrets.   Defendants' misappropriation was also willful and malicious.

72.     As a result of the foregoing, Funko has been damaged and is entitled to damages in an amount to be proven at trial, as well as injunctive relief and an award of attorneys' fees pursuant to RCW 19.108.040.

### THIRD CAUSE OF ACTION
### Against Nikhil Manchanda
### (False Designation of Origin, 15 U.S.C. § 1125)

73.     Funko repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

74.     Because Funko advertises, markets, distributes, and licenses its products under the trademarks described in this Complaint, these trademarks are the means by which Funko products are distinguished from the products of others in the same or related fields.

75.     Because of Funko's long, continuous, and exclusive use of these trademarks, they have come to mean, and are understood by customers and the public to signify, products of Funko.

76.     Mr. Manchanda's wrongful conduct includes Mr. Manchanda's use of the FUNKO and POP! trademarks in his social media profile names and Link In Profile page to direct website traffic to affiliate links that generate revenue for Mr. Manchanda, and in connection with his social media profiles used to aggregate and disseminate Funko's trade secrets.

77.     On information and belief, Mr. Manchanda engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, or distributed in connection with the

COMPLAINT WITH JURY DEMAND – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

152169228.1

Funko Marks and of trading on Funko's goodwill and business reputation. Mr. Manchanda's conduct constitutes (a) false designation of origin, and (b) false or misleading description, all in violation of § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

78. Mr. Manchanda's wrongful conduct is likely to continue unless restrained and enjoined.

79. As a result of Mr. Manchanda's wrongful conduct, Funko has suffered and will continue to suffer damages. Funko is entitled to injunctive relief and to an order compelling the impounding of all imitation marks being used, advertised, marketed, offered, or distributed by Mr. Manchanda. Funko has no adequate remedy at law for Mr. Manchanda's wrongful conduct because, among other things, (a) the Funko Marks are unique and valuable property which have no readily-determinable market value, and (b) Mr. Manchanda's wrongful conduct, and the resulting damage to Funko, is continuing and such that Funko cannot be made whole by any monetary award.

80. Funko is also entitled to recover its attorneys' fees and costs of suit under 15 U.S.C. § 1117.

### FOURTH CAUSE OF ACTION
### Against All Defendants
### (Violation of the Washington Unfair and Deceptive Practices Act, RCW 19.86.020)

81. Funko repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

82. Mr. Manchanda's activities constitute unfair methods of competition, and unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

83. Mr. Manchanda's conduct affected and was contrary to the public interest, tended to mislead a substantial portion of the public, and has injured Funko in its business and property.

84. As a result of Mr. Manchanda's conduct, Funko has been damaged and is entitled to actual damages, treble damages, costs of litigation, attorneys' fees, and an injunction.

COMPLAINT WITH JURY DEMAND – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

152169228.1

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Funko, LLC, prays for the following relief:

A.    For compensatory damages for all losses caused by Defendants' wrongful conduct;

B.    For monetary relief, including actual damages and equitable relief due to Defendants' wrongful conduct pursuant to 18 U.S.C. § 1836(b)(3)(B)(i) and RCW 19.108.030;

C.    For punitive and exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C);

D.    For reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1836(b)(3)(D), 15 U.S.C. § 1117(c), and RCW 19.108.040;

E.    For permanent injunctive relief to prevent Defendants from soliciting or making any further use, disclosure, or other misappropriation of Funko's confidential and trade secret information;

F.    For permanent injunctive relief barring Mr. Manchanda from infringing Funko's trademarks, including the use of the FUNKO and POP! marks in Mr. Manchanda's social media usernames;

G.    For an order declaring that Mr. Manchanda hold in trust, as constructive trustee for the benefit of Funko, the illegal profits obtained from its distribution of materials bearing infringing Funko's trademarks, and requiring Mr. Manchanda to provide Funko a full and complete accounting of all amounts due and owing to Funko as a result of Mr. Manchanda's unlawful activities;

H.    For an order against Mr. Manchanda for Funko's damages and Mr. Manchanda's profits pursuant to 15 U.S.C. § 1117(a);

COMPLAINT WITH JURY DEMAND – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

152169228.1

I.    For an award of prejudgment interest and costs of suit to the extent permitted by law; and

J.    For such other relief as the Court may deem just and proper.

DATED this 15th day of April, 2021.

By: *s/ Ryan J. McBrayer*
Ryan J. McBrayer, WSBA No. 28338
Kirstin E. Larson, WSBA No. 31272
Jacob P. Dini, WSBA No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  RMcBrayer@perkinscoie.com
Email:  KLarson@perkinscoie.com
Email:  JDini@perkinscoie.com

*Attorneys for Plaintiff Funko, LLC*

COMPLAINT WITH JURY DEMAND – 16

152169228.1