UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FUNKO, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NICKHIL MANCHANDA, an individual; and JOHN/JANE DOES 1–6,<br><br>Defendants. | Case No. 2:21-cv-00506-MLP<br><br><br>ANSWER OF DEFENDANT NICKHIL MANCHANDA<br><br><br>JURY DEMAND |

## **ANSWER**

Defendant NICKHIL MANCHANDA ("Defendant"), by and through his undersigned attorneys, responds to the above-entitled Complaint as follows:

1. Answering paragraph 1 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

2. Answering paragraph 2 of the Complaint, Defendant admits that true trade secrets may derive economic value by maintaining their secrecy, unless the information subsequently

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

1

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

becomes publicly available and generally known to the relevant market segment, but denies all other allegations.

3. Answering paragraph 3 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

4. Answering paragraph 4 of the Complaint, Defendant admits that true trade secrets may contain value, so long as the information has not subsequently become publicly available and generally known to the relevant market segment, but denies all remaining allegations.

5. Answering paragraph 5 of the Complaint, Defendant admits that true trade secrets may contain value to licensors so long as the information has not subsequently become publicly available and generally known to the relevant market segment, but denies all remaining allegations.

6. Answering paragraph 6 of the Complaint, Defendant denies all allegations.

7. Answering paragraph 7 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

8. Answering paragraph 8 of the Complaint, Defendant admits the allegations.

9. Answering paragraph 9 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

10. Answering paragraph 10 of the Complaint, Defendant admits the allegations.

11. Answering paragraph 11 of the Complaint, Defendant denies that this Court has personal jurisdiction or proper venue, and denies all other allegations.

12. Answering paragraph 12 of the Complaint, Defendant denies all allegations.

13. Answering paragraph 13 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

2

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

14. Answering paragraph 14 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

15. Answering paragraph 15 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

16. Answering paragraph 16 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

17. Answering paragraph 17 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

18. Answering paragraph 18 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

19. Answering paragraph 19 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

20. Answering paragraph 20 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

21. Answering paragraph 21 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

22. Answering paragraph 22 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

23. Answering paragraph 23 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

ANSWER OF DEFENDANT NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

3

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

24. Answering paragraph 24 of the Complaint, Defendant admits that Plaintiff holds registrations with the registration numbers indicated, but has insufficient information from which to admit or deny the remaining allegations, and therefore denies all other allegations.

25. Answering paragraph 25 of the Complaint, Defendant denies all allegations.

26. Answering paragraph 26 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

27. Answering paragraph 27 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

28. Answering paragraph 28 of the Complaint, Defendant admits that true trade secrets may derive economic value by maintaining their secrecy, unless the information subsequently becomes publicly available and generally known to the relevant market segment, but denies all other allegations.

29. Answering paragraph 29 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

30. Answering paragraph 30 of the Complaint, Defendant admits that a Fernando Ayala appears to administer a Facebook group for Funko enthusiasts with thousands of members, but denies all other allegations.

31. Answering paragraph 31 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

32. Answering paragraph 32 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

4

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

33. Answering paragraph 33 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

34. Answering paragraph 34 of the Complaint, Defendant admits that Defendant formerly operated social media accounts under user names of Dis.Funko to distinguish its site from Funko and Funko products and to comment on Plaintiff's Funko marks in exercise of its fair use and First Amendment rights, but denies all other allegations.

35. Answering paragraph 35 of the Complaint, Defendant denies all allegations.

36. Answering paragraph 36 of the Complaint, Defendant admits the allegations.

37. Answering paragraph 37 of the Complaint, Defendant denies all allegations.

38. Answering paragraph 38 of the Complaint, Defendant admits that it uses social media to aggregate information concerning Funko products, but denies all other allegations, including any allegation or implication that it knew or should have known that the information complained of was not already in the public domain and was not already generally known by virtue of prior publication or publications.

39. Answering paragraph 39 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations, including any allegation or implication that it knew or should have known that the information complained of was not already in the public domain and was not already generally known by virtue of prior publication or publications.

40. Answering paragraph 40 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations, including any allegation or implication that it knew or should have known that the information complained of

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

5

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

was not already in the public domain and was not already generally known by virtue of prior publication or publications.

41. Answering paragraph 41 of the Complaint, Defendant admits that it generally shares images acquired on products of interest on its social media accounts, but denies all other allegations, including any allegation or implication that it knew or should have known that the information complained of was not already in the public domain and was not already generally known by virtue of prior publication or publications.

42. Answering paragraph 42 of the Complaint, Defendant admits that it generally published news about new products, whether formally released or not, but denies all other allegations, including any allegation or implication that it knew or should have known that the information complained of was not already in the public domain and was not already generally known by virtue of prior publication or publications.

43. Answering paragraph 43 of the Complaint, Defendant admits that it generally published news about new products, whether formally released or not, but denies all other allegations, including any allegation or implication that it knew or should have known that the information complained of was not already in the public domain and was not already generally known by virtue of prior publication or publications.

44. Answering paragraph 44 of the Complaint, Defendant admits that it generally published news about new products, whether formally released or not, but denies all other allegations, including any allegation or implication that it knew or should have known that the information complained of was not already in the public domain and was not already generally known by virtue of prior publication or publications.

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

6

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

45. Answering paragraph 45 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

46. Answering paragraph 46 of the Complaint, Defendant admits that Plaintiff sent cease and desist letters, demanding that it "forever" desist from posting information about Funko products, whether or not Defendant had a right to do so, but denies all other allegations.

47. Answering paragraph 47 of the Complaint, Defendant admits the allegations.

48. Answering paragraph 48 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations, including any allegation or implication that it knew or should have known that the information complained of was not already in the public domain and was not already generally known by virtue of prior publication or publications.

49. Answering paragraph 49 of the Complaint, Defendant admits that Plaintiff sent cease and desist letters, demanding that it "forever" desist from posting information about Funko products, whether or not Defendant had a right to do so, but denies all other allegations.

50. Answering paragraph 50 of the Complaint, Defendant admits that Plaintiff sent cease and desist letters, demanding that it "forever" desist from posting information about Funko products, whether or not Defendant had a right to do so, but denies all other allegations.

51. Answering paragraph 51 of the Complaint, Defendant denies all allegations.

52. Answering paragraph 52 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

53. Answering paragraph 53 of the Complaint, Defendant denies all allegations.

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

7

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

54. Answering paragraph 54 of the Complaint, Defendant repeats its responses to the realleged allegations.

55. Answering paragraph 55 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

56. Answering paragraph 56 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

57. Answering paragraph 57 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

58. Answering paragraph 58 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

59. Answering paragraph 59 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations, including any allegation or implication that the information complained of was not already in the public domain and was not already generally known by virtue of prior publication or publications.

60. Answering paragraph 60 of the Complaint, Defendant denies all allegations.

61. Answering paragraph 61 of the Complaint, Defendant denies all allegations.

62. Answering paragraph 62 of the Complaint, Defendant denies all allegations.

63. Answering paragraph 63 of the Complaint, Defendant denies all allegations and further denies that Plaintiff is entitled to any relief whatsoever.

64. Answering paragraph 64 of the Complaint, Defendant repeats its responses to the realleged allegations.

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

8

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

65. Answering paragraph 66 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

66. Answering paragraph 66 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

67. Answering paragraph 67 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

68. Answering paragraph 68 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

69. Answering paragraph 69 of the Complaint, Defendant denies all allegations.

70. Answering paragraph 70 of the Complaint, Defendant denies all allegations.

71. Answering paragraph 71 of the Complaint, Defendant denies all allegations.

72. Answering paragraph 72 of the Complaint, Defendant denies all allegations.

73. Answering paragraph 73 of the Complaint, Defendant repeats its responses to the realleged allegations.

74. Answering paragraph 74 of the Complaint, Defendant admits that trademarks generally function to distinguish products, but Defendant denies all other allegations.

75. Answering paragraph 75 of the Complaint, Defendant has insufficient information from which to admit or deny the allegations, and therefore denies all allegations.

76. Answering paragraph 76 of the Complaint, Defendant denies all allegations.

77. Answering paragraph 77 of the Complaint, Defendant denies all allegations.

78. Answering paragraph 78 of the Complaint, Defendant denies all allegations.

79. Answering paragraph 79 of the Complaint, Defendant denies all allegations.

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

9

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

80.     Answering paragraph 80 of the Complaint, Defendant denies all allegations.

81.     Answering paragraph 81 of the Complaint, Defendant repeats its responses to the realleged allegations.

82.     Answering paragraph 82 of the Complaint, Defendant denies all allegations.

83.     Answering paragraph 83 of the Complaint, Defendant denies all allegations.

84.     Answering paragraph 84 of the Complaint, Defendant denies all allegations.

## AFFIRMATIVE DEFENSES

1.     As a first affirmative defense, the Complaint fails to state a cause of action.

2.     As a second affirmative defense, Plaintiff has unclean hands and has engaged in inequitable conduct by at least the following actions:  filing suit regarding information which is publicly available and has remained extensively in the public domain, thus no longer enjoying trade secret protection; filing suit in the Western District of Washington which is not the appropriate venue for internet posting by Defendant outside the venue, in order to coerce compliance by creating excessive cost to defendant; alleging as a theory for relief that disclosure of information is "unauthorized" or "leaked," when neither are grounds for suit regarding information which was not, or does not remain, a trade secret; claiming trademark "infringement" by Defendant's fair use commentary upon Plaintiff's products (and despite a prominent disclaimer on Defendant's website that it claims no affiliation with Plaintiff); seeking to intimidate Defendant from exercising his First Amendment (SLAPP) rights to make comment on products in the public domain or otherwise permissibly, by making groundless claims and groundless demands; and demanding that Defendant forebear from taking actions where the demands exceed the relief a court could award.

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

10

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

3. As a third affirmative defense, Defendant engaged in fair use of the images, information and trademarks involved.

4. As a fourth affirmative defense, the information in question is not a trade secret, as the information either has no economic value by not being generally known, is or has become generally known or Plaintiff has failed to take reasonable measures to protect the secrecy of such information.

5. As a fifth affirmative defense, this Court lacks personal jurisdiction over Defendant.

6. As a sixth affirmative defense, Defendant's actions were not willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Nickhil Manchanda prays that:

1. Plaintiff takes nothing from its Complaint;

2. Defendant be awarded its attorneys' fees and costs of suit; and

3. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant Nickhil Manchanda demands a trial by jury on any and all issues so triable.

*Signature page follows*

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

11

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

DATED: July 7, 2021

**THE JACOB FREEMAN LAW FIRM, PLLC**

By: _____
Jacob P. Freeman
415 1st Avenue N | No. 9466
Seattle, Washington 98109
Phone: (206) 350-1066
Fax:    (206) 350-1120
Email: JFreeman@JFLpllc.com

**PAYNE IP LAW**

By: *s/ Robert W. Payne*
Robert W. Payne *(pro hac vice application forthcoming)*
111 N. Market Street, Suite 300
San Jose, California 95113
Phone: (408) 981-4293
Email: Payne@BobPayne.com

//

ANSWER OF DEFENDANT
NICKHIL MANCHANDA

Case No. 2:21-cv-00506-MLP

12

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120