THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FUNKO, LLC, | No. 2:21-cv-00506-MJP |
| Plaintiff, | **JOINT STATUS REPORT &** |
| v. | **DISCOVERY PLAN** |
| NICKHIL MANCHANDA, an individual; and JOHN/JANE DOES 1-6, | |
| Defendants. | |

Plaintiff Funko, LLC ("Funko" or "Plaintiff") and Defendant Nickhil Manchanda ("Defendant") hereby submit this Joint Status Report and Discovery Plan pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 23), entered on July 19, 2021.

**1.     The Nature and Complexity of the Case.**

This is a trade secret misappropriation dispute involving the Defendant's alleged acquisition, disclosure, and/or use of Funko's trade secrets regarding unannounced and unreleased Funko products by sharing images and screenshots of the trade secrets on Defendant's social media profiles. Plaintiff also alleges that Defendant has misled and confused customers and the public as to the origin of Defendant's social media accounts by using Funko's registered FUNKO and POP! trademarks. Funko has accordingly brought claims for violations of the Defend Trade Secrets Act,

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-00506-MLP) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

153576422.3

the Washington Uniform Trade Secrets Act, and the Lanham Act. Defendant filed his Answer on July 7, 2021.  Defendant asserts defenses, inter alia, that it received the information and images from publicly available sources, that Plaintiff has long been aware of Defendant's posting activity without having taken action, that Plaintiff has suffered no actionable harm and that Plaintiff has unclean hands.  The parties conducted their Fed. R. Civ. P. 26(f) conference on August 16, 2021. No motions are currently pending before the Court.

**2.     Proposed deadline for the joining of additional parties.**

The parties propose November 8, 2021, as the deadline for joining additional parties.

**3.     Consent to assignment of case to magistrate**

The parties do not consent to referral to a United States Magistrate Judge.

**4.     Proposed discovery plan (Fed. R. Civ. P. 26(f)(3)).**

**(A)     Initial Disclosures.**

The Fed. R. Civ. P. 26(f) conference took place on August 16, 2021. The parties exchanged initial disclosures on August 23, 2021 and shall supplement as required under the federal and local rules.

**(B)     Subjects, Timing, and Potential Phasing of Discovery.**

The parties anticipate discovery of non-privileged and discoverable information relevant to Plaintiff's allegations. The parties do not believe that discovery should be conducted in phases or be limited to or focused on a particular issue.

**(C)     Electronically stored information.**

The parties will negotiate a Protocol for Discovery of ESI, if necessary and utilizing this Court's Model, which may be submitted for the Court's approval at a later date.

**(D)     Privilege issues.**

The parties agree to redact documents that may be partially privileged. The parties further agree that documents that are responsive to discovery requests but are communications with counsel retained for this litigation that are privileged in their entirety and withheld from production

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-00506-MLP) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

153576422.3

1  for that reason need not be listed on a privilege log by either side. The parties have agreed to a

2  claw-back provision as contained in Section 9 of the Stipulated Protective Order (Dkt. No. 26).

3  **(E)    Proposed limitations on discovery.**

4  The parties do not believe any limitations on discovery are necessary or appropriate at this

5  time, other than the limits imposed by the Federal Rules of Civil Procedure and the Local Civil

6  Rules. Neither party waives the right to seek leave to exceed these limits if necessary as this case

7  proceeds. The parties agree that any issues regarding numerical limits on interrogatories shall be

8  resolved in accordance with the law applicable at the time the issue arrives.

9  **(F)    The need for any discovery related orders.**

10  At this time, the parties do not believe that the Court needs to enter any additional discovery

11  related orders pursuant to Fed. R. Civ. P. 26(c) or Local Civil Rule 16(b) and (c). The parties have

12  negotiated a Stipulated Protective Order to protect confidential or proprietary information

13  produced in discovery. Dkt. No. 26. The parties will also negotiate a Protocol for Discovery of

14  ESI, if necessary and utilizing this Court's Model, which may be submitted for the Court's

15  submission at a later date.

16  **5.    The parties' view on all items set forth in Local Civil Rule 26(f)(1)**

17  **(A)    Prompt case resolution.**

18  The parties have discussed, and continue to discuss, the possibility of promptly resolving

19  the case.

20  **(B)    Alternative dispute resolution.**

21  The parties have discussed, and continue to discuss, the possibility of pursuing alternative

22  dispute resolution methods.

23  **(C)    Related cases.**

24  There are no related cases.

25  **(D)    Discovery management.**

26

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-00506-MLP) – 3

153576422.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Before any production of electronically stored information ("ESI"), if necessary, the parties agree to confer with each other regarding the nature and type of ESI to be produced, including the form of production and to do so promptly to ensure production of ESI within the time allowed under the Federal Rules of Civil Procedure and Local Civil Rules. The parties will negotiate a Protocol for Discovery of ESI, if necessary.

**(E)     Anticipated discovery sought.**

The parties expect that subjects of discovery will include all issues identified in the pleadings.

**(F)     Phasing motions.**

The parties do not believe that phased motions are necessary at this time.

**(G)     Preservation of discoverable information.**

The parties are not currently aware of any issues concerning preservation of discoverable information. The parties have undertaken to preserve discoverable information.

**(H)     Privilege issues**

Please see entry for Section 4(D) above, which is incorporated by reference.

**(I)     Model Protocol for Discovery of ESI.**

The parties will negotiate a Protocol for Discovery of ESI, if necessary.

**(J)     Alternatives to Model Protocol**

The parties will negotiate a Protocol for Discovery of ESI, if necessary.

**6.     Completion of discovery.**

The parties believe fact discovery can be completed by June 6, 2022.

**7.     Bifurcation.**

The parties agree that bifurcation is not necessary.

**8.     Pretrial Statements and Pretrial Order**

The parties believe that the Pretrial Statements and Pretrial Order should be dispensed with in whole for the sake of economy.

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-00506-MLP) – 4

153576422.3

**9.**      **Suggestions for shortening or simplifying the case.**

The parties do not have any other suggestions for simplifying or shortening the case, but intend to cooperate towards that end.

**10.**      **Date case will be ready for trial.**

The parties believe that the case will be ready for trial by October 5, 2022.

**11.**      **Whether the trial will be jury or non-jury.**

The parties have demanded a trial by jury as to all issues so triable.

**12.**      **The number of trial days required.**

The parties anticipate the trial of this matter will require three to four days.

**13.**      **The names, addresses, and telephone numbers of all trial counsel.**

**For Plaintiff**:

Ryan J. McBrayer
Jacob P. Dini
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email: RMcBrayer@perkinscoie.com
Email: JDini@perkinscoie.com

**For Defendant**:

Jacob P. Freeman
The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington 98109
Telephone: (206) 350-1066
Email: JFREEMAN@JFLPLLC.COM

and

Robert W. Payne (*pro hac vice*)
Payne IP Law
111 N. Market Street, Suite 300
San Jose, California 95113
Telephone: (408) 981-4293
Email: PAYNE@BOBPAYNE.COM

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-00506-MLP) – 5

153576422.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

14. **The dates on which the trial counsel may have conflicts.**

The parties' counsel do not currently have any conflicts for a trial date in October 2022.

15. **Service on Defendant.**

Defendant Nickhil Manchanda has been served.

16. **Scheduling Conference.**

The parties do not anticipate requiring a scheduling conference with the Court at this time.

17. **Corporate Disclosure statements.**

Plaintiff Funko filed its corporate disclosure statement on April 15, 2021. Dkt. No. 2.

DATED: August 30, 2021

By:  */s/Ryan J. McBrayer*
Ryan J. McBrayer, WSBA No. 28338
Jacob P. Dini, WSBA No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  RMcBrayer@perkinscoie.com
Email:  JDini@perkinscoie.com

*Attorneys for Plaintiff Funko, LLC*

By:  */s/Robert W. Payne*
Jacob P. Freeman, WSBA No. 54123
**The Jacob Freeman Law Firm, PLLC**
415 1st Avenue N | No. 9466
Seattle, Washington 98109
Telephone: (206) 350-1066
Facsimile: (206) 350-1120
Email: JFREEMAN@JFLPLLC.COM

Robert W. Payne (*pro hac vice*)
111 N. Market Street, Suite 300
San Jose, California 95113
Telephone: (408) 981-4293
Email: PAYNE@BOBPAYNE.COM

*Attorney(s) for Defendant Nickhil Manchanda*

JOINT STATUS REPORT & DISCOVERY PLAN
(No. 2:21-cv-00506-MLP) – 6

153576422.3